IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALEX M. CORDERO,

       Plaintiff,

vs.                           CASE NO.: 4:06cv529-SPM/AK

STATE OF FLORIDA, DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

       Defendant.
_____/

## <u>ORDER DENYING MOTION FOR RECONSIDERATION</u>

This cause comes before the Court on Plaintiff's Corrected Motion for
Reconsideration of Order Granting Defendant's Motion for Summary Judgment
(doc. 77) and Defendant's response in opposition (doc. 79).  Plaintiff argues that
the Court erred in granting summary judgment against Plaintiff on his disability
discrimination claim because genuine issues exist as to whether Ms. Andrews
had a legitimate, non-discriminatory reason for terminating Plaintiff and whether
her decision was improperly motivated by Mr. Riley's discriminatory animus.

As to the first matter, Ms. Andrews had "personally seen [Plaintiff's]
insufficient job performance" and counseled him to "accept responsibility for his
actions, not blame others."  Andrews affidavit at 2, doc. 39-2 at 3.  On one

occasion, Ms. Andrews asked Plaintiff to help with a presentation and received unsatisfactory results.  Andrews deposition at 46-52, doc. 39-3 at 32-33.  In the end, she fired Plaintiff because he did not turn in his ERP teleconference summary, as required under his corrective action plan.  Andrews deposition at 28-9, doc. 39-3 at 9.  Ms. Andrews' reason for firing Plaintiff, even if it was not good, prudent, or fair, qualifies as a legitimate, non-discriminatory reason.  Damon v. Flemming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999) (A defendant may terminate an employee for any reason (good or bad, fair or unfair, prudent or imprudent) so long as the decision is not motivated by discriminatory animus).

As to Plaintiff's argument that Mr. Riley's discriminatory animus should be imputed upon Ms. Andrews' decision, Plaintiff does not have sufficient evidence for a reasonable jury to make this finding.  To establish a causal connection between Mr. Riley's animus and Ms. Andrews' decision, Plaintiff must show that Ms. Andrews conducted no independent evaluation for her decision to terminate Plaintiff and thereby acted as a "mere conduit" or "cat's paw" for Mr. Riley. Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1332 (11th Cir. 1999).

Ms. Andrews, however, discussed the corrective action plan with Plaintiff several times.   Andrews affidavit at 2-3, doc. 39-2 at 3-4.  Ms. Andrews also met with Ms. Slager, Mr. Ballard, and Ms. Plummer to discuss Plaintiff's performance problems.  Andrews deposition at 30, 45, 59-60, doc. 39-3 at 10, 13, 17.  Ms.

Andrews met with Plaintiff before she decided to fired him.  Given her evaluation of Plaintiff's situation independent from Mr. Riley, no reasonable inference can be made that Ms. Andrews acted as Mr. Riley's cat's paw.  Llampalas v. Mini-Circuits, Lab., Inc., 163 F.3d 1236, 1249 (11th Cir. 1998) (cat's paw theory not available where decision-maker conducts investigation before acting).

Further undercutting Plaintiff's theory, Ms. Andrews had, in fact, fired Mr. Riley shortly before she made the decision to fire Plaintiff.  When Plaintiff met with Ms. Andrews, he gave her no notice that Mr. Riley's discriminatory animus was the cause of Plaintiff's problems.  Andrews deposition at 37, doc. 39-3 at 11. "When the employer makes an effort to determine the employee's side of the story before making a tangible employment decision affecting that employee . . . it should not be held liable . . . for that decision based only on its employee's hidden discriminatory motives."  Llampalls, 163 F.3d at 1250.

Based on the foregoing, the Court stands by its decision to grant summary judgment in favor of Defendant.  Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Corrected Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (doc. 77) is denied.

DONE AND ORDERED this 7th day of February, 2008.

_s/ Stephan P. Mickle_
Stephan P. Mickle
United States District Judge

CASE NO.: 4:06cv529-SPM/AK